# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHNNIE W. POWELL, JR., | § | |
| | § | |
| V. | § | CASE NO. 1:11-CV-406 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration. | § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the decision of the Commissioner denying plaintiff's application for social security benefits should be affirmed.

Plaintiff timely filed objections to the magistrate judge's Report and Recommendation and the Commissioner responded to those objections. The Court has conducted a *de novo* review of the objections and the response in relation to the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff first objects that Judge Giblin erred in applying a "harmless error" analysis and in holding that the Administrative Law Judge (ALJ) was not required to specifically reference *Stone v. Heckler*, 759 F.2d 1099 (5th Cir. 1985), because the ALJ's analysis went beyond step two of the sequential evaluation analysis. In his objections, the plaintiff further argues that Judge Giblin incorrectly relied upon *Harrell v. Bowen*, 862 F.2d 471 (5th Cir. 1988) in stating that when the ALJ's analysis goes beyond step two, specific reference to *Stone* and its requirements is not necessary. The plaintiff points to no binding authority supporting this objection and he fails to discuss or distinguish

the other case law cited by Judge Giblin in support of his recommendation. Judge Giblin provided ample legal authority and analysis in support of his holding that the ALJ did not legally err in his application of *Stone* under the circumstances presented. Furthermore, the plaintiff fails to cite any authority establishing how Judge Giblin erred in applying the harmless error analysis when the ALJ did not prematurely deny the plaintiff's request for benefits based on an improper determination of non-severity. *See Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987). The Court finds these objections to be without merit.

Next, the plaintiff argues that the magistrate judge should have reversed the ALJ on his rejection of consulting physician Dr. Elamir's medical opinion regarding the plaintiff's reaching limitations. The plaintiff contends that the ALJ is required to provide more specific reasons for disagreeing with the medical doctor's opinion. However, as discussed in detail by Judge Giblin in his report, the Court's independent review also leads the undersigned to conclude that substantial evidence exists in the record to support the ALJ's residual capacity determination. The Commissioner's decision is accordingly upheld on this issue.

Therefore, the Court **ORDERS** that the plaintiff's objections [Doc. #20] are **OVERRULED**. The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The Report and Recommendation [Doc. #19] is, therefore, **ADOPTED** and the Commissioner's decision is **AFFIRMED**. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **26** day of **March, 2013.**

_____
Ron Clark, United States District Judge